UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

    Sunil Parikh,

                Debtor.
----------------------------------------------------------x

Case No.: 8- 07-72869-478

Chapter 7

# MEMORANDUM DECISION

*Appearances:*

Weinberg Gross & Pergament LLP
*Attorneys for the Debtor Sunil Parikh*
By: Marc A. Pergament, Esq.
400 Garden City Plaza
Garden City, New York 11530

Certilman Balin Adler & Hyman, LLP
*Attorneys for the Creditor John Desiderio*
By: Richard J. McCord, Esq. and Jaspreet S. Mayall, Esq.
90 Merrick Avenue
East Meadow, New York 11554

Hon. Dorothy Eisenberg, United States Bankruptcy Judge

The matter before this Court is a motion for reconsideration brought by counsel for the Debtor, Sunil Parikh, (the "Debtor") & his wife Meena Parikh (collectively the "Parikhs") regarding this Court's May 29, 2008 decision. The following constitutes this Court's findings of fact and conclusions of law as mandated by Fed. R. Bankr. P. 7052. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 157(b) and 1334(b), and venue is proper pursuant to 28 U.S.C. §1409(a). This is a core proceeding under 28 U.S.C. § 157(b)(1), and (2)(A).

### Background

The Debtor filed a voluntary petition for Chapter 7 on July 30, 2007. On October 1, 2007 creditor John Desiderio ("Desiderio") filed Claim No. 1 in the bankruptcy case for $281,311.45, which represented 98.7% of the estate's creditors. The claim is a combined total of several state court judgment claims that Desiderio previously obtained against the Debtor. The history between the Debtor and Desiderio is as follows.

In 2000 Desiderio was the owner of a business and the landlord of a building that housed that business known as Mrs. D's Natural Foods. The business was subsequently purchased by Peter Devani ("Devani"). On December 16, 2002 the business and assets were transferred to Health Heaven, Inc. ("Health Heaven"), which was wholly owned by Devani and another minority shareholder. The lease with Desiderio was assigned to the corporation when the assets were transferred. It was not until June of 2003 that the Debtor entered the picture.

In June 2003 Devani brought the Debtor into the business as an additional investor, and the Debtor agreed to purchase a 45% interest in Health Heaven. The Debtor executed a personal guarantee for $85,000 for the benefit of Desiderio. Later the Debtor's brother purchased the remaining 55% from the other shareholders in 2004, and the two operated the business. However, as time went on they failed to make the payments on the rent or the note connected

with the premises. As such, on July 16, 2004 Desiderio initiated an action against Devani and the Debtor in state court for summary judgment, in lieu of a complaint, on the Note. The state court granted a default judgment against the parties in October 2004 due to the non-payment of the Note. Thereafter, Desiderio received several judgments in his favor awarding him attorney's fees and expenses related to the continuing litigation in the case.

Debtor's papers state that he filed for Chapter 7 bankruptcy relief on July 30, 2007 due to the collection action that was instituted by Desiderio to recover on his judgments against the Debtor. His petition listed his ownership interest in Health Heaven, but states that the interest had no value. At the Section 341(a) Meeting the Debtor testified that Health Heaven went out of business and that he had discarded the entire store inventory. He also claimed that in December 2004 his wife and his brother opened up Dave's Health Foods ("Dave's"), which was located at the same location that Health Heaven operated. According to Debtor, he was an employee of Dave's and worked for his wife and brother.

*The Rule 2004 Motion*

On October 10, 2007, Desiderio filed a Rule 2004 motion seeking to examine the Parikhs in an attempt to determine whether he would commence an adversary proceeding under Section 523 or 727 of the Bankruptcy Code and seek to deny the Debtor a discharge. Desiderio contended that the Debtor was lying about his ownership in Dave's; that the Debtor was in fact the owner of Dave's, and that the inventory being used by Dave's was in fact the same inventory from Health Heaven. Desiderio sought documentation and an examination of the Parikhs regarding their acquisition of Dave's, their financial status, and the acquisition of a $300,000

3

mortgage obtained from a Meera Management, LLC.[1]  Desiderio stated that the Debtor was deliberately attempting to shield assets from his estate.

On October 26, 2007 the Parikhs, via counsel, filed opposition to the Rule 2004 motion. While they had no objection to producing information requested for the period of June 2003 to July 2007, they argued that it was improper for Desiderio to seek information regarding assets or affairs of the Debtor and his wife prior to 2003 because Desiderio's relationship with the Debtor did not begin until 2003.  Furthermore, they argued that Desiderio sought to obtain discovery in order to further its own state court actions against the Debtor, and that this was inconsistent with the standards for a Rule 2004 examination. A hearing on the motion was held on November 28, 2007 before Judge Rosenthal.

After oral arguments, Judge Rosenthal overruled objections, and granted Desiderio's motion for the Rule 2004 subpoena.  The November 29, 2007 Order authorized examinations of both the Debtor and his wife, and directed them to provide all of the documents that were requested.  Desiderio served the 2004 subpoenas and requested the documents by December 10, 2007, and the Parikhs were to submit to examinations on December 19, 2007.  No documents were provided by the December 10 date.  Counsel for Desiderio attempted to contact counsel for the Parikhs several times, and, according to Desiderio, gave the Parikhs until January 14, 2008 to provide the documentation.  On January 23, 2008 the Parikhs produced a few documents, and objected to the other document requests.

*The Motion for Protective Order*

---

[1] The mortgage was the subject of litigation between Desiderio and the Parikhs.  On June 13, 2007 a Nassau County trial court determined that the Parikhs had caused the mortgage to be recorded against their home in order to shield the house from Desiderio's judgments against them.  The court determined that the owner of Meera Management, LLC was the brother and brother-in-law of the Parikhs, and the mortgage was a fraudulent conveyance done with the intent to hinder, delay and defraud Desiderio.

On February 19, 2008, counsel for the Parikhs brought a motion for protective order seeking to preclude Desiderio from recovering documents that they had not yet turned over, as well as documents that Desiderio had requested in a supplemental document request. The requested documents pertained to assets or financial affairs of the Debtor and his wife prior to June 2003. The Parikhs' counsel argued that the request exceeded the scope of Rule 2004, was unduly burdensome, and made with the purpose of harassing the Parikhs. The objections raised by counsel appeared to be the same ones previously raised before Judge Rosenthal at the November 28, 2008 Hearing, and were overruled by him in his November 29, 2008 Order.

Counsel for Desiderio interposed a cross motion to compel production of the documents, as well as a motion for sanctions against the Parkihs' counsel for certifying the original documents provided as being complete, and a motion for contempt and a motion for sanctions against the Parikhs that would impose a $100.00 fine on them for every day they did not provide the documents. A reply was filed by Parikhs' counsel on March 25, 2008. On March 27, 2008 Desiderio filed an adversary proceeding against the Debtor seeking to deny his discharge. A hearing on the motion for a protective order was held before this Court on May 29, 2008.

At the May 29, 2008 hearing this Court granted Desiderio's cross-motion to compel and for sanctions. This Court held that the Rule 2004 subpoena was issued prior to the commencement of the adversary proceeding and did not meld into the adversary proceeding. This Court found that the debtor provided no reason why the motion to quash should be granted and that the partial compliance by the Debtor and Mrs. Parikh was inadequate. Additionally, this Court held that under Rule 45(c)(2)(B) of the Federal Rules of Civil Procedures, as made applicable by Bankruptcy Rule 9016, the party subject to the Rule 2004 subpoena must bring a motion to quash within 14 days of service. As the subpoena was issued on November 30, 2007

and the motion for protective order was not filed until February 19, 2008, it was not timely, and therefore this Court could not consider the motion to quash. This Court directed that counsel for Desiderio provide an accounting of the fees and expenses it incurred related to the motion, and also granted sanctions against the Parikhs' that would be imposed daily until the documents were produced. A proposed order was settled, but was not signed due to the instant motion for reconsideration filed by counsel for the Parikhs seeking to have this Court reconsider its May 29, 2008 decision.

## Discussion

### *Motion for Reconsideration*

"A motion for reconsideration, which is treated as a motion to alter or amend a judgment, is governed by [Federal Rules of Civil Procedure ("FRCP")] 59(e). A motion for reconsideration should be granted sparingly and in limited circumstances. *In re Nosker*, 267 B.R. 555, 564 (Bankr. S.D. Oh. 2001); *In re Kellogg*, 197 F.3d 1116 (11th Cir. 1999); *In re Tarrer*, 273 B.R. 724 (Bankr. N.D. Ga. 2002).

Case law has shown that there are three reasons for a court to grant a motion for reconsideration: (1) an intervening change of controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *In re Christie*, 222 B.R. 64, 67 (Bankr. D. N.J. 1998); *see Nosker*, 267 B.R. at 564-65. It is not however a chance for the parties to relitigate previously-decided matters or present the case under new theories. Nosker, 267 B.R. at 564; Kellogg, 197 F.3d at 1120 (stating that a party "may not use a Rule 59(e) motion to raise arguments available but not advanced at the hearing.").

As counsel for the Parikhs has failed to provide a citation to rules, statutory authority, or legal authorities in support of its motion for reconsideration, this Court will attempt to classify its arguments. There has been no suggestion by the Parikhs' counsel that controlling law has changed that would require this Court to reconsider its prior decision. Nor has there been a suggestion that new evidence has come to light that would change or alter this Court's earlier decision. Rather counsel for the Parikhs appears to rest its argument to reconsider on the third prong for reconsideration, which is that this Court reconsider its decision in order to correct a clear error of law or prevent manifest injustice.

"A motion based on manifest error of law or fact will not be granted except on a showing of some substantial reason. The burden is on the movant to demonstrate these manifest errors." *See In re Crozier Bros., Inc.*, 60 B.R. 683, 687 (Bankr. .D.N.Y. 1986; *see also Hager v. Paul Revere Life Ins. Co.*, 489 F. Supp. 317, 321 (E.D. Tenn.1977) *aff'd without opinion* 615 F.2d 1360 (6th Cir. 1980). It has been stated that a manifest error "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Yoshio Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

The Parikhs use two arguments to show that there was manifest error. To the extent that this Court determined at the earlier hearing that (1) the Parikhs were not entitled to bring a motion for protective order based on Judge Rosenthal's earlier opinion, and (2) that the Parikhs failed to timely bring a motion for protective order, the Parikhs argue that this Court was wrong, and that these were erroneous conclusions, and as such are manifest errors. Thus, this Court will address these arguments separately.

7

Upon a review of the transcript of the November hearing before Judge Rosenthal it is clear that Judge Rosenthal never precluded the Parikhs from bringing a motion for a protective order. In fact, Judge Rosenthal appeared to implicitly acknowledge that such a request might be made, stating: "The [2004 Examination] motion is granted subject to the strict requirements of what 2004 permit[s], and I expect Mr. Pergament or counsel for Mrs. Parikh will represent her vigorously, and if the debtor – if the creditor seeks discovery beyond that, I assume that it will be back before me or some other judge in the Eastern District." Rosenthal, J., November 28, 2007.

Furthermore, the order signed by Judge Rosenthal does not appear to preclude the Parikhs from requesting a protective order. Therefore the issue of whether or not the Parikhs could have requested such a protective order is answered in the affirmative. Had there been confusion or uncertainty regarding Judge Rosenthal's order on the matter, the burden fell to the Parikhs to seek to have the court reconsider its order or to appeal the order. This did not occur. Rather, the Parikhs waited until February to file the motion for protective order, several months after Judge Rosenthal had reached a decision on the matter. Any arguments regarding what Judge Rosenthal did or did not say at the hearing are immaterial as *his order*, dated November 29, 2008, clearly sets forth his determination on the matter, and requires the Parikhs to turn over the requested documentation.

Now this Court must turn to whether the Parikhs' motion for a protective order was timely made.

### *Motion for Protective Order*

Rule 45 allows the subject of a Rule 2004 examination "[o]n timely motion" to move to have the subpoena quashed if it does not allow a reasonable time to comply, requires a non-party to travel excessively, requires the disclosure of privileged material, or subject someone to undue

8

burden. Fed. R. Civ. P. 45(c)(3)(A). "Whether a subpoena imposes an undue burden depends on such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularly with which the document are described and the burden imposed." *Travelers Indem. Co. vMetro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D.Conn. 2005) (internal quotations omitted). The burden of persuasion is on the movant. *In re Corso,* 328 B.R. 376, 383 (Bankr. E.D.N.Y 2005).

The party subject to the subpoena may bring such a motion within fourteen days of service. Fed. R. Civ. P. 45(c)(2)(B). While a failure to object within the fourteen-day time limit usually constitutes a waiver of objection, a late objection is not automatically a bar to consideration. *See In re Corso*, 328 B.R. at 384; *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (explaining that failure to assert a Fifth Amendment privilege is not automatically a waiver of those rights); *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48-49 (S.D.N.Y. 1996). A late objection may be allowed for good cause where the subpoena is overbroad so that it goes beyond the boundaries of fair discovery, the recipient is a non-party acting in good faith, and the counsel for both the recipient and the issuing party were in contact concerning the recipient's compliance before the ultimate challenge to the subpoena. *See* Moon v. SCP Pool Corp., 232 F.R.D. 633 , 636 (D. Cal. 2005) American Electric Power Co., 191 F.R.D. 132, 136-37 (S.D. Oh. 1999); *In re Corso*, 328 B.R. at 384. In *Corso*, the court found that the recipient party did not act in good faith where it ignored the subpoena, the repeated attempts of the trustee to enforce it, a contempt motion brought against the party, and the court's order holding it in contempt. *See In re Corso*, 328 B.R. at 385.

As this Court held at the May 28, 2008 hearing, the motion for the protective order was untimely, having been made more than sixty (60) days after the fourteen (14) day statutory

9

period which runs from the day the subpoenas were served. *United States v. International Business Machines Corp.,* 70 F.R.D. 700, 701-02 (S.D.N.Y. 1976) (holding that a 68 day delay to respond to a subpoena was deemed to be untimely and was a waiver of the right of the party to object to the subpoena).

No justifiable excuse for failing to timely move for such a protective order was raised by the Parikhs. The law is clear on the mechanisms and time constraints on which a party can move for a protective order. If an extension was granted to allow the Parikhs to produce the requested documentation by January 14, 2008 and comply with depositions, it does not change the fact that the motion for a protective order was not timely filed because it was not submitted until February 19, 2008, which was nearly a month after the January 14, 2008 date. While counsel for the Parikhs argued that extensions were given, and that oral communications between the parties agreed to delay the production of discovery further, counsel fails to provide written proof of such an extension, and the content of these communications was disputed at the hearing by counsel for Desiderio. The supplemental request made by Desiderio on February 14, 2008 is not the subject of this opinion as this opinion pertains to the failure of the Parikhs to comply with the November 29, 2007 Order.

Alternatively, had the motion for a protective order been timely made, it would have been denied. A Rule 2004 examination has been likened to a "fishing expedition," the scope of which is broad. *See e.g.*, *In re Corso*, 328 B.R. 375, 383 (Bankr. E.D.N.Y. 2005). The primary purpose of allowing broad discovery in Rule 2004 examinations is to expedite the locating of assets of the estate. *See* 10 Collier on Bankruptcy 7026.01 (15th ed. Rev.). However, a 2004 subpoena can be limited. Rule 45 allows the recipient "[o]n timely motion" to move to have the subpoena quashed if it does not allow a reasonable time to comply, requires a non-party to travel

excessively, requires the disclosure of privileged material, or subjects someone to undue burden. Fed. R. Civ. P. 45(c)(3)(A); *see In re Commercial Fin. Servs.*, 247 B.R. 828, 842 (Bankr. N.D. Okla. 2000).

Here the Parikhs have failed to demonstrate why the prior order regarding the Rule 2004 examinations and the production of documents should not be enforced by this Court. The arguments raised in the Parikhs' papers supporting their motion for protective order were already previously raised to Judge Rosenthal at the November 28, 2007 hearing, and were rejected. They again claim that Desiderio's request for documents prior to 2003 should be quashed. The record shows that Judge Rosenthal's November 29, 2007 Order clearly granted the 2004 examinations of the Parikhs and the turning over of the requested documents. The order was never appealed by the Parikhs, and is thus a valid and final order. Due to the broadness of a Rule 2004 examination it is appropriate for Desiderio to look back at the Parikhs' financial history. Thus, this Court overrules the Parikhs' argument seeking to deny Desiderio's right to inquire into matters arising prior to 2003. Here the 2004 Subpoena was issued, what was provided to Desiderio was insufficient, and no cause has been provided as to why the protective order should be granted. The representations made to Desiderio by the Debtor, Debtor's wife, and their counsel that the documents produced were complete were incorrect and, as noted, the documents provided were insufficient.

## Conclusion

A motion for reconsideration, as discussed above, is a rare tool for a court to wield. Its standards are such that the movant must meet a significant burden for a court to alter a prior judgment. Here, counsel for the Parikhs fails to meet this burden. The arguments raised by counsel could have been raised and vigorously argued at the May 29, 2007 hearing. The

11

standards are quite clear: a motion for reconsideration is not appropriate where counsel is simply rearguing its case with facts, law, and issues that were available at the earlier hearing. The fact that some of the arguments raised by counsel now were not raised at all or were lightly touched upon at the May 29, 2007 hearing does not give this Court the grounds necessary for it to reconsider its earlier decision.

In furtherance of this Court's May 29, 2008 decision, counsel for Desiderio is awarded expenses and costs related to defending against the Parikh's motion for protective order, and for bringing its cross-motion to compel in the amount of $6,758.10. As for the expenses and costs relating to the motion for reconsideration, this Court awards counsel for Desiderio $2,470.00. In calculating the total award this Court did not include times spent by counsel on the phone, reviewing and responding to e-mails, or communicating with their client. Rather this Court focused on the times utilized by counsel for research, writing, revising, and drafting of documents related to the motions, and for counsels' appearance before this Court at the relevant hearings.

Federal Rule of Civil Procedure 45 allows a court to hold a recipient of a subpoena in contempt if he or she fails to obey the subpoena without an adequate excuse. The prerequisites of a finding of contempt are that the subpoena was clear and unambiguous, there is clear and convincing proof of non-compliance, the recipient did not attempt to comply with reasonable diligence, and that the recipient is given the notice and opportunity to be heard. *See In re Corso*, 328 B.R. 375, 385 (Bankr. E.D.N.Y. 2005). Based on the discussion and facts noted above, these factors have been met. As a result, the request for fines against the Parikhs in the amount of $100.00 per day is hereby granted as of this date until they produce the requested documents and subsequently appear for the 2004 examinations.

Thus, the Parikhs' motion for reconsideration of this Court's May 29, 2008 decision and request for a protective order are denied.

Dated: November 4, 2008
       Central Islip, New York

                                            *s/ Dorothy Eisenberg*
                                            Judge Dorothy Eisenberg
                                            United States Bankruptcy Judge